UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ROBERT ALLEN O'HAIR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-097-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WINCHESTER POLICE DEPARTMENT, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Robert Allen O'Hair has filed motions requesting "transport orders" [Record No. 16], appointment of counsel [Record No. 17], and that the court issue subpoenas for certain medical records [Record No. 18]. A response from the defendants is not necessary.

First, O'Hair asks this Court to issue transport orders [Record No. 16] so that he may attend any court hearings in this matter. However, no hearings are currently scheduled. In the event that O'Hair's presence is required for proceedings in this civil matter, an appropriate order directing his transport will be entered at that time. But at this stage of the proceedings, O'Hair's motion for transport orders is premature.

Second, O'Hair asks this Court to appoint counsel. [Record No. 17] Appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). A court reviewing such a motion generally considers: (1) the complexity of the case, *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993); (2) the ability of the plaintiff to represent himself competently, *Lanier*, 332 F.3d at 1006; and (3) his likelihood of success on the merits. *Cleary v. Mukasey*,

-1-

307 F. App'x 963, 965 (6th Cir. 2009). Having reviewed these factors, the Court concludes that O'Hair's claims do not present the kind of extraordinary circumstances that would warrant the appointment of counsel at the expense of federal taxpayers. The issues presented in O'Hair's Complaint are not complex. And with respect to the plaintiff's ability to represent himself, O'Hair has demonstrated that he is capable of pursuing his claims. Further, he has demonstrated knowledge of the Federal Rules of Civil Procedure. Finally, based on the preliminary information submitted at this stage of the proceedings, the Court cannot conclude that O'Hair has presented a substantial likelihood of prevailing on the merits.

Finally, O'Hair asks that this Court issue subpoenas for certain medical documents. However, this request is premature.

Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Robert Allen O'Hair's motion requesting "transport orders" [Record No. 16] is **DENIED**, without prejudice.

2. Plaintiff's motion to appoint counsel [Record No. 17] is **DENIED**.

3. Plaintiff's motion to subpoena medical records [Record No. 18] is **DENIED**, without prejudice.

This 16th day of June, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge