UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ROBERT ALLEN O'HAIR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-097-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WINCHESTER POLICE | ) | **MEMORANDUM ORDER** |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pro se Plaintiff Robert O'Hair is currently incarcerated at the Luther Luckett Correctional Complex in LaGrange, Kentucky. O'Hair filed this action on April 14, 2015, naming the Winchester Police Department and the Winchester Sheriff's Office as party defendants. [Record No. 1] In relevant part, the plaintiff asserted that excessive force was used during an arrest occurring February 4, 2015. The identity of the officers affecting the arrest (and allegedly using excessive force) was unknown to O'Hair at the time his Complaint was filed.

### I.   Procedural History and Relevant Facts

On May 7, 2015, the Court directed the Clerk to issue Summons for the named defendants and directed the United States Marshal to serve the defendants on the plaintiff's behalf in accordance with Rule 4(c)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(d). The Court also directed the Clerk to substitute the Clark County Sheriff's Office for the Winchester Sheriff's Office as a defendant. [Record No. 5] With regard to the unknown officers, the Court stated:

-1-

> Although not included in the caption of O'Hair's Complaint, he includes "'officers involved' names unknown" in the Summonses [Record No. 1-1] and states that he wants to sue "the individual officer's (sic) who's (sic) names are unknown to me at this time." [Record No. 1, p. 5] To the extent that O'Hair intends to name additional individual officers, he must identify the "unknown" officers and timely amend his Complaint in accordance with the Federal Rules of Civil Procedure and this Court's Orders.

[Record No. 5, pp. 1-2]

On June 8, 2015, O'Hair notified the Court that he had received the names of the previously-unidentified officers involved in the incident giving rise to his claims. At that time, he sought permission to amend his Complaint to assert claims against Patrol Officers Monty Corbett, Matthew Reed, and Michael Keffer, and Sergeant William Jackson. [Record No. 14] Thereafter, the Court amended its earlier service order, allowed the plaintiff's Complaint to be amended, and directed the Clerk to issue service packets for the four individual offices identified by O'Hair. [Record No. 21]

An Answer to the plaintiff's Amended Complaint was filed on June 26, 2015, by Defendants Winchester Police Department and Corbett, Reed, Keffer and Jackson, all officers of the Winchester Police Department. [Record No. 30] Three days later, Defendant Clark County Sheriff's Office moved the Court to dismiss the claims asserted against it. Through this motion, the sheriff's office notes that: (i) the newly-joined defendants are officers of the Winchester Police Department, as opposed to the Clark County Sheriff's Office; and (ii) neither the Complaint as originally filed nor as amended includes specific allegations of wrongdoing by the Clark County Sheriff's Office or any of its officers. [Record No. 33] The plaintiff has not responded to the defendant's motion.

## II.     The Defendant's Motion to Dismiss

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted).  However, the Court need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation").  Thus, Rule 12(b)(6) essentially "allows the

Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 997 (W.D. Tenn. Mar. 10, 2009).

Here, the plaintiff's original Complaint contains allegations that officers employed by the Winchester Police Department and/or the Clark County Sheriff's Office used excessive force in arresting O'Hair on or about February 4, (2015). According to the plaintiff, his rights were violated when:

> The Winchester Police Department . . . tazed me 3 time(s) while kicking me in the eye and head and my chest. They made my kidneys shut down and caused me a lot of physical pain and emotional pain. . . . [Further,] [m]y rights were violated when the Winchester Sheriff's office used excessive force when they shot at me when I was unarmed on February 4th.

[Record No. 1] O'Hair does not add any further substantive allegations through his Amended Complaint. [Record No. 14] Thus, it is clear from these pleadings that the basis of his claims concerns the *physical confrontation* with officers on February 4, 2015, as opposed to some unidentified custom or practice of either law enforcement department or office originally identified as a party defendant.[1]

Defendant Clark County Sheriff's Office also notes that the plaintiff's claims against it constitute a claim against the county. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

---

[1] Defendant Clark County Sheriff's Office states in its supporting memorandum that, while two Clark County Deputy Sheriff's were on the scene during plaintiff's apprehension on February 4, 2015, they were serving in a back-up capacity only and did not use any force against the plaintiff. This defendant further contends that the only contact involving one of its deputies and the plaintiff occurred after the plaintiff was apprehended and restrained by officers of the Winchester Police Department. [Record No. 33-1, pp. 2-3] The plaintiff does not assert that the act of hand-cuffing him caused the physical or emotional injuries that are the subject of the present civil action.

Thus, to hold it liable, the plaintiff must allege and demonstrate that the injury alleged is the result of an unconstitutional act of a county officer that was caused by a custom or policy of the county. *Cocker ex rel. Estate of Tarzwell v. Cnty. of Macomb*, 119 F.App'x 718, 724-25 (6th Cir. 2005). And no such allegations have been made by O'Hair.

### III.   Conclusion

Having reviewed the relevant pleadings, the Court agrees that the plaintiff has not made factual allegations with regard to any officer or employee of the Clark County Sheriff's Office that would give rise to any liability on behalf of such officer or employee. Likewise, he has not asserted that the action or inaction of any officer or employee of that entity was the result of any improper or unconstitutional custom or policy. Accordingly, it is hereby

**ORDERED** as follows:

1.   Defendant Clark County Sheriff's Office's Motion to Dismiss or, in the Alternative, for Judgment on the Pleadings [Record No. 33] is **GRANTED**.

2.   Defendant Clark County Sheriff's Office is **DISMISSED** as a party to this proceeding.

This 23rd day of July, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge